## E. BOULIN *v.* W. J. MAYNARD.

In a redhibitory action, where the judgment of the District Court awarded the plaintiff the price he had paid for the thing affected with the redhibitory vice, but did not rescind the sale, and the defendant appealed—*Held :* That the plaintiff, the *appellee,* could not throw upon the defendant the costs of the appeal by a prayer to amend the judgment by rescinding the sale, even if the judgment be modified in no other respect.

The fact, that the purchaser of a slave allowed him to hire his own time, and even permitted him to sleep away from home, is not a forfeiture of the action of redhibition on account of the vice of running away. The question is, was the slave *at the time of the sale* in the habit of running away, and not, has he acquired the habit since?

Where the vendor of a slave was aware at the time of the sale, that he was in the habit of running away, and did not communicate the same to the vendee—*Held :* That the latter was not bound for the use of more than ordinary care in guarding the slave against running away, and that he was entitled to reimbursement for the expenses incurred in recapturing the slave.

APPEAL from the Second District Court of New Orleans, *Morgan,* J.

*L. Castera,* for plaintiff.   *J. W. Dirrhammer,* for defendant and appellant.

MERRICK, C. J.   This is an action of redhibition to rescind the sale of a slave on account of the vice of running away.

The defendant bought the slave without warranty, and sold him with full warranty to the plaintiff.

The habit of running away is sufficiently proved; but it is shown, that at the time the slave absconded, he was permitted to hire his own time, and was not required even to sleep at the residence or place of business of his owner.

The plaintiff did not tender the slave to the vendor; but, in a conversation between the plaintiff and defendant, the former informed the latter that he wished to cancel the sale, and be reimbursed the amount he had paid; and the defendant replied that he was ready to pay him when the negro was produced, but he was not willing to do so until then, as the negro might have been drowned or killed. Defendant also in his answer consents to rescind the sale, provided the slave be returned to him.

: The judgment of the lower court awarded the plaintiff the price he had paid and certain expenses, but did not rescind the sale.

· Defendant appeals.

In this court, the *appellee* has prayed the court to amend the judgment by rescinding the sale of the slave. We are of the opinion, that the appellee cannot throw upon the appellant the costs of the appeal, by such prayer for an amendment in favor of his adversary, even if the judgment be modified in no other respect. He might have rendered this justice to the appellant by a written abandonment of the slave, or release in favor of the defendant, previous to the appeal.

· We are not prepared to say that the mere hiring of his time to the slave, or even permitting him to sleep away from the residence of his owner in this city, is a forfeiture of the action of redhibition. The question is, was the slave *at the time of the sale* in the habit of running away, and not, has he acquired the habit since?

The slave was present at the trial, and defendant's objections to the payment of the price are removed.

The defendant, as already said, was aware that the slave was in the habit of

running away. This knowledge was not communicated to the plaintiff. The de- BOULIN
fendant, therefore, has no reason to complain that the plaintiff did not use more *v.*
than ordinary care in guarding against facilities of running away, and we see no MAYNARD.
sufficient reason to release him from the expenses incurred in the recapturing of
the slave.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower
court be avoided and reversed; and we do now order, adjudge and decree, that
said sale of said negro *John* be rescinded, and said slave be restored to the defen-
dant; and it is further ordered, adjudged and decreed, that the plaintiff do recover
and have judgment against the defendant for the price paid for said slave, viz,
said sum of seven hundred dollars, and legal interest thereon from the judicial de-
mand, and these further sums, viz : $6 50 costs of the act of sale, $6 for adver-
tising said slave as a runaway, and $25 paid for lodging him in jail. And it is
further ordered, that the. defendant pay the costs of the lower court, and the
plaintiff the costs of the appeal.